IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK L. SHERMAN                                                                                    PLAINTIFF

v.                                          Civil No.: 20-CV-06113

SHERIFF TRAVIS HILL, *et. al.*                                                                DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is the question of Plaintiff's three-strike status pursuant to 28 U.S.C. § 1915(g), and his eligibility to proceed *in forma pauperis* ("IFP") in this case.

### I.  BACKGROUND

Plaintiff filed his Complaint on October 1, 2020. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file a completed IFP application or pay the filing fee by October 23, 2020, or his case would be summarily dismissed. (ECF No. 2). Plaintiff's status as a "three-striker" pursuant to the Prison Litigation Reform Act (PLRA) was also noted, and he was directed to provide the Court with a reason that § 1915(g) did not apply to the allegations of his Complaint. This information was also due by October 23, 2020. (*Id.*).

Plaintiff timely filed his Motion for IFP status, which included a statement as to why he believed he should be eligible for IFP status "in spite of prior 3 strikes." (ECF Nos. 4; 4-1). Thus, he does not dispute his three-strike status. (ECF No. 4-1 at 1). Instead, he argues that the PLRA,

1

28 U.S.C. § 1915(g), three-strike provision and the imminent danger exception to § 1915(g) deny poor prisoners such as himself their day in court and equal protection under the law. (*Id.*).

## II. DISCUSSION

As part of the (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed *in forma pauperis*, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner-initiated lawsuits. *See* 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained *in forma pauperis* status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee, albeit in installments. *See* 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain *in forma pauperis* status. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision has commonly become known as the "three strikes rule" or the "three strikes provision," and it has withstood constitutional challenges. *See, e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Plaintiff has at least three previous actions that qualify as strikes against him under § 1915(g). *See, e.g., Sherman v. Clark County*, Case No. 6:13-cv-06126 (W.D. Ark. 2013); *Sherman v. Clark Cty. Cir. Court*, Case No. 6:02-cv-06180 9 (W.D. Ark. 2002); *Farver v. Evans*,[1] Case No.

---

[1] Patrick Sherman was one of four named Plaintiffs in this case. The four Plaintiffs were Walter Farver, Ricky Borden, Leroy McCoy, and Patrick Sherman. The case was dismissed as frivolous and considered a strike as to

2

2:01CV00224JMM/HLJ (E.D. Ark. 2002); *Sherman v. Correctional Medical Services,* Case No. 5:01cv0161 HW (E.D. Ark. 2001). Sherman has not alleged any facts to indicate that he is in imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Plaintiff is, therefore, not eligible for IFP status.

### III.  CONCLUSION

Accordingly, I recommend that Plaintiff's Application to Proceed IFP (ECF No. 4) be **DENIED** pursuant to 28 U.S.C. § 1915(g). This action should be dismissed without prejudice to Plaintiff's right to re-open it with payment of the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under § 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee). Plaintiff should be instructed to file a motion to reopen the action upon payment to the United States District Clerk of the proper filing fee.

It should be noted that, if Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. In addition, Plaintiff is precluded from filing any future civil action IFP unless he is in imminent danger of serious physical injury. It is, therefore, recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Patrick Sherman seeks to proceed IFP. The Magistrate Judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Sherman has not asserted a valid claim that he is under imminent danger of serious physical injury, the Magistrate Judge shall recommend that IFP status be denied.

---

Sherman, McCoy, and Borden. Farver was denied IFP status due to this three-strike status and failure to allege imminent danger of serious physical injury.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **9th day of February 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE