IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK L. SHERMAN                                                                                    PLAINTIFF

v.                                           Civil No. 6:20-cv-06113

SHERIFF TRAVIS HILL, Pike County,                                                                DEFENDANTS
Arkansas; JAIL ADMINISTRATOR SARAH
HANEY; CAROL V. BOHANNON, Hearing Judge,
Arkansas Parole Board; JOHN FELTS, Chairman,
Arkansas Parole Board; DARREN M. THREDKELD,
Parole/Probation Officer; and TIFINI CHILDERS,
Parole/Probation Officer

**ORDER**

Now before the Court is the Report and Recommendation filed February 9, 2021, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). Plaintiff proceeds in this 42 U.S.C. §1983 action *pro se*. For purposes of pre-service screening, Judge Bryant found that Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 4) should be denied. Judge Bryant recommends that this action be dismissed without prejudice to Plaintiff's right to re-open it with payment of the appropriate filing fee. Additionally, Judge Bryant recommends that Plaintiff should be instructed to file a motion to reopen the action upon payment of the filing fee, and that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Patrick Sherman seeks to proceed IFP. The Magistrate Judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Sherman has not asserted a valid claim that he is under imminent danger of serious physical injury, the Magistrate Judge shall recommend that IFP status be denied.

Plaintiff filed his objections to the Report and Recommendation on February 26, 2021. (ECF No. 9). After *de novo* review of the record, the Court adopts the Report and Recommendation *in toto*.

28 U.S.C. § 1915(g) limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failing to state a claim, to obtain IFP status. According to the Report and Recommendation, Plaintiff has at least three previous actions that qualify as strikes against him

1

under § 1915(g). *See, e.g., Sherman v. Clark County*, Case No. 6:13-cv-06126 (W.D. Ark. 2013); *Sherman v. Clark Cty. Cir. Court*, Case No. 6:02-cv-061809 (W.D. Ark. 2002); *Farver v. Evans*,[1] Case No. 2:01-cv-00224-JMM/HLJ (E.D. Ark. 2002); *Sherman v. Corr. Med. Servs.*, Case No. 5:01-cv-0161-HW (E.D. Ark. 2001).

In his objections, Plaintiff did not state that he was in imminent danger of serious physical injury at the time this case was filed. *See* 28 U.S.C. § 1915(g) (in no event shall prisoner bring a civil action under this section if he has, on three or more prior occasions while imprisoned, brought action or appeal that was dismissed on grounds that it was frivolous, malicious, or failed to state claim, unless inmate is under imminent danger of serious physical injury); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (requisite imminent danger must exist at time the complaint is filed).

Plaintiff's objection is that § 1915(g) violates the First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution and the Ex Post Facto Clause of the U.S. Constitution. In addition, Plaintiff argues that § 1915(g) is an unconstitutional abridgement of 28 U.S.C. § 1915 and that the imminent danger exception is unconstitutionally vague and is not a requirement. Plaintiff's objections are hard to decipher. It appears that Plaintiff raises these challenges because the application of § 1915(g) bars his access to the courts. Plaintiff's arguments raise no new issues of law or fact and are without merit. It is well settled that "[§ 1915(g)] does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Therefore, Plaintiff's objection is overruled.

Plaintiff filed his complaint on October 1, 2020. (ECF No. 1). Without any context, Plaintiff attached several documents to his Objections. (ECF No. 9, at 11–22). He included a handwritten copy of the prison's custody classification policy, several unit level grievance forms submitted after Plaintiff filed his complaint, and a major disciplinary form dated January 29, 2021. *Id.* The Court reviewed these

---

[1] Patrick Sherman was one of four named Plaintiffs in this case. The four plaintiffs were Walter Farver, Ricky Borden, Leroy McCoy, and Patrick Sherman. The case was dismissed as frivolous and considered a strike as to Sherman, McCoy, and Borden. Farver was denied IFP status due to this three-strike status and failure to allege imminent danger of serious physical injury.

documents and found that they do not show that Plaintiff was in imminent danger of serious physical injury at the time this case was filed.

Plaintiff asserts that he has "almost wholly been without access to the law library since his return to prison on 10/14/2020." (*Id.* at 7). This assertion is not supported by the documents attached to his objections. (*Id.* at 23–27). Plaintiff had access to the prison's law library.

Plaintiff's IFP motion (ECF No. 4) should be and hereby is **DENIED**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) case flag on this case.

Within ten days of this Order, upon payment of the full $350 filing fee and $52 administration fee for a total of $402, Plaintiff may file a motion to reopen the case. Plaintiff should note the case number on the payment and the motion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED** this 29th day of April 2021.

/s/ *Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE